IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**GREGORY MACKEY, Individually and on Behalf of All Others Similarly Situated**                               **PLAINTIFF**

vs.                                            No. 5:20-cv-805

**PABLO GONZALES**                                            **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Gregory Mackey ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Pablo Gonzales ("Defendant"), he does hereby state and allege as follows:

### I.   INTRODUCTION

1. This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiff also brings this action under Tex. Labor Code § 61.014 for declaratory judgment, monetary damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff his final paycheck after terminating his employment.

3. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee as a result of Defendant's failure to pay proper overtime wages under the FLSA within the applicable statutory limitations period.

4. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.    JURISDICTION AND VENUE

5. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Plaintiff's claim under the Tex. Labor Code § 61.014 forms part of the same case or controversy and arise out of the same facts as the FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's Texas Labor Code claim pursuant to 28 U.S.C. § 1367(a).

7. Defendant conducts business within the State of Texas.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because Defendant does business in Texas; therefore, the State of Texas has personal jurisdiction over Defendant.

9. Plaintiff worked for Defendant at projects throughout Texas, including San Antonio. Therefore, the acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

10. Plaintiff is a resident of Bexar County.

11. Defendant is an individual and a resident of the state of Texas.

12. Defendant does business as K&K Boring.

## IV.   FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendant has at all times relevant hereto controlled the day-to-day operations of K&K Boring, such that he is liable to Plaintiff as an employer under the FLSA.

15. Defendant established and maintained the wage and employment practices at issue.

16. Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

18. Upon reasonable information and belief, Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

19. Defendant employed Plaintiff from October of 2019 until December of 2019.

20. Plaintiff performed work for Defendant as a drill operator.

21. Defendant employed drill operators, excavator operators, and general laborers (hereinafter collectively "Construction Workers") to perform the manual labor necessary to provide the general construction work that Defendant provides for his customers.

22. Defendant paid Plaintiff a day rate of or around $200.00 per day.

23. Other Construction Workers were also paid a day rate.

24. At all times relevant hereto Defendant classified Plaintiff and other Construction Workers as independent contractors.

25. During the time period relevant to this lawsuit, Plaintiff regularly worked over forty hours per week.

26. Upon information and belief, other Construction Workers also regularly worked over forty hours per week.

27. Defendant failed to pay Plaintiff and other Construction Workers an overtime rate for all hours worked over forty each week.

28. Plaintiff's and other Construction Workers' work followed the usual path of employer-employee relationships; Defendant treated them as independent contractors only for tax purposes and for Defendant's convenience.

29. Defendant did not pay Plaintiff and other Construction Workers one and one-half times their regular rate of pay for all hours worked over forty (40) per week.

30. Defendant, at all times relevant hereto, knew that Plaintiff and other Construction Workers were acting as employees, rather than as independent contractors, and treated them as employees.

31. Plaintiff and other Construction Workers generally worked a regular schedule each week for Defendant.

32. Defendant expected Plaintiff to work, and Plaintiff generally did work, from 7:00 a.m. to 6:00 or 7:00 p.m., Monday through Friday of each week.

33. Other Construction Workers had the same or similar schedule that Plaintiff had.

34. Defendant required Plaintiff and other Construction Workers to satisfy whatever needs and requirements Defendant and Defendant's customers had.

35. Defendant expected Plaintiff and other Construction Workers to follow Defendant's policies regarding their employment.

36. Plaintiff and other Construction Workers did not manage Defendant's enterprise or a customarily recognized subdivision of the enterprise.

37. Plaintiff and other Construction Workers did not exercise discretion and independent judgment with respect to any matters of significance.

38. Plaintiff and other Construction Workers were hired to work for Defendant for a continuous and ongoing period of time.

39. Plaintiff and other Construction Workers did not select any employees for hire, nor did they have any ability to fire employees.

40. Plaintiff and other Construction Workers did not have any control of or authority over any employee's rate of pay or working hours.

41. Plaintiff and other Construction Workers regularly and customarily worked at Defendants' job sites.

42. Defendant provided Plaintiff and other Construction Workers with the tools necessary in carrying out Plaintiff and other Construction Workers' duties.

43. Plaintiff and other Construction Workers drove company vehicles.

44. Defendant determined Plaintiff's and other Construction Workers' pay scale for services without input from or negotiation with Plaintiff and other Construction Workers.

45. Defendant set prices for services without input from or negotiation with Plaintiff and other Construction Workers.

46. Defendant made decisions on advertising Defendant's business without Plaintiff's and other Construction Workers' input.

47. Defendant made decisions on what new business to pursue or take without Plaintiff's and other Construction Workers' input.

48. Plaintiff and other Construction Workers did not negotiate contracts or prices with Defendant's customers.

49. Defendant directed Plaintiff and other Construction Workers.

50. Defendant required Plaintiff and other Construction Workers to follow the directions of Defendant with respect to operating equipment and performing other construction work for the purpose of completing jobs.

51. Plaintiff and other Construction Workers had no opportunity to share in Defendant's profits.

52. Plaintiff and other Construction Workers did not share in Defendant's losses.

53. Plaintiff and other Construction Workers routinely used heavy equipment and trucks. Thus, they used, handled, sold, and/or worked on goods or materials that were produced for or traveled in interstate commerce.

54. Defendant knew or showed reckless disregard for whether the way he paid, and failed to pay, Plaintiff and other Construction Workers violated the FLSA.

55. Plaintiff and other Construction Workers regularly and typically worked more than forty (40) hours per week while working for Defendants.

56. Plaintiff's and other Construction Workers' had no investment in Defendant's business or operations.

57. Defendant provided Plaintiff and other Construction Workers with all heavy equipment, trucks, and facilities necessary to perform their jobs, as well as the reflective vests and hard hats that they wore at job sites.

58. Defendant paid to Plaintiff and other Construction Workers a flat rate each day that they worked.

59. Defendant did not pay Plaintiff and other Construction Workers an overtime premium of one and one-half times their regular hourly rates for overtime.

60. Defendant failed to pay and have yet to pay Plaintiff his final two paychecks.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

61. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

62. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63. Plaintiff and other Construction Workers who were classified as independent contractors regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

64. Defendant did not pay Plaintiff and other Construction Workers classified as independent contractors one-and-one-half (1.5) times their regular rate of pay for all hours of work in excess of forty (40) in a single workweek.

65. Defendant violated the FLSA by misclassifying Plaintiff and other Construction Workers as independent contractors rather than employees entitled to overtime pay.

66. At all relevant times herein, Defendant have deprived Plaintiff and all others similarly situated of a proper overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

67. Plaintiff brings this FLSA claim on behalf of all other Construction Workers classified as independent contractors employed by Defendant at any time within the three years preceding the filing of the Original Complaint, who were misclassified as independent contractors and not paid one-and-one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

68. The proposed class is preliminarily defined as follows:

**All day-rate workers within the past three years.**

69. Plaintiff and the members of the proposed class are entitled to payment of the following types of damages:

A. Payment for all hours worked, including proper overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.	Liquidated damages; and

C.	Attorneys' fees and costs.

70.	In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file his written Consent to Join this lawsuit.

71.	The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

72.	The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.	They were paid a flat daily rate;

B.	They were subject to Defendant's common policy of classifying them as "independent contractors;"

C.	They were subject to numerous other policies and practices as described above;

D.	They were subject to Defendant's common practice of not paying workers a lawful overtime premium of one and one-half (1.5) times their regular hourly rate for all hours worked over forty (40) hours per workweek.

73.	Plaintiff is unable to state the exact number of the potential members of the FLSA Collective, but believes that the group includes at least ten (10) persons.

74.	Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, email addresses, and cell phone numbers of the FLSA collective action members are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and

text message to their last known physical and email addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

75. Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

76. 29 U.S.C. § 207 requires employers to pay each employee one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

77. Defendant misclassified Plaintiff as an independent contractor.

78. Defendant treated Plaintiff as an employee in all respects except for pay.

79. Defendant misclassified Plaintiff as exempt from the requirements of the FLSA.

80. At all times relevant hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

81. Defendant failed to pay Plaintiff an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

82. Defendant failed to pay Plaintiff for all hours worked.

83. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

84. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment

interest, and costs, including reasonable attorney's fees as provided by the FLSA for all violations that occurred within the three (3) years prior to the filing of this Complaint.

85. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of FLSA)

86. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

87. Plaintiff brings this action on behalf of all other similarly situated individuals to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty each week.

88. Plaintiff brings this action on behalf of himself and all other Construction Workers classified as independent contractors, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

89. Defendant misclassified Plaintiff and other Construction Workers as independent contractors.

90. 29 U.S.C. § 207 requires employers to pay each employee one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

91. In the past three years, Defendant has employed other Construction Workers classified as independent contractors.

92. Like Plaintiff, other Construction Workers classified as independent contractors regularly worked more than forty (40) hours in a week.

93. Defendant failed to pay these workers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

94. Defendant's conduct and practices, as described above, have been and continue to be willful, intentional, unreasonable, arbitrary and in bad faith.

95. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

96. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violations of the Texas Labor Code)

97. Plaintiff repeats and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

98. Plaintiff asserts this claim for damages and declaratory relief pursuant to the Texas Labor Code.

99. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the Texas Labor Code, § 61.001.

100. Tex. Labor Code § 61.014 requires employers to pay terminated employees in full within six days after the date of discharge and requires employees to pay an employee who leaves voluntarily within the date of the next scheduled payday.

101. Defendant failed to pay Plaintiff for the final two pay periods he worked.

102. To date, Defendant has not paid Plaintiff his final paychecks, and the time period specified in Tex. Labor Code § 61.014 has expired.

103. Tex. Labor Code § 62.051 requires employers to pay each employee the federal minimum wage under the FLSA.

104. Despite the entitlement of Plaintiff to minimum wage under the FLSA through the Texas Labor Code, Defendant failed to pay Plaintiff minimum wage and failed to pay Plaintiff his final two paychecks.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Gregory Mackey, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act and their attendant and related regulations;

D. A declaratory judgment that Defendant's practices alleged herein violate the Texas Labor Code;

E. Certification of, and proper notice to, together with an opportunity to

participate in the litigation, all qualifying current and former employees;

F.  Judgment for damages suffered by Plaintiff and the collective members for all unpaid overtime compensation under the Fair Labor Standards Act and its attendant and related regulations;

G.  Judgment for liquidated damages in an amount equal to all unpaid overtime compensation owed to Plaintiff and the collective members pursuant to the Fair Labor Standards Act and their attendant and relating regulations;

H.  Judgment for damages suffered by Plaintiff for unpaid wages under the Texas Labor Code;

I.  An order directing Defendant to pay Plaintiff and the collective members prejudgment interest, a reasonable attorney's fee, and all costs connected with this action; and

J.  An order directing Defendant to pay Plaintiff and members of the collective prejudgment interest, reasonable attorneys' fees, and all costs connected with this action; and

K.  Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**GREGORY MACKEY, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com